AEROLINEAS DOMINICANAS, S. A.,
etc., Plaintiff-Appellant,

v.

BROWN AVIATION SERVICES, INC.,
etc., et al., Defendants,

Atlas Aircraft Corporation, etc.,
Defendant-Appellee.

No. 78-2724
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 6, 1979.

Peter M. Lopez, Miami, Fla., for plaintiff-appellant.

Aronovitz & Weksler, Bernard B. Weksler, Miami, Fla., for Atlas Aircraft Corp.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

Aerolineas Dominicanas, S.A., appeals from a partial summary judgment granted in this diversity action, which it brought in the Southern District of Florida. Aerolineas charges that one of the three appellees, Brown Aviation Services, Inc., breached a contract with Aerolineas, and that the other two appellees—Mr. Garland Brown and the Atlas Aircraft Corp.—defrauded Aerolineas and conspired with Brown Aviation to defraud Aerolineas. The contract, according to Aerolineas, called for it to pay Brown Aviation $123,500 in return for a specified airplane, in good mechanical condition and equipped in a certain way, and several accessories. Aerolineas says that when the plane was delivered it was defective and that the accessories were not delivered at all; it says that it had to pay $98,000 to put the plane in the condition in which Brown Aviation was supposed to deliver it. In the meantime, Aerolineas asserts, it had paid Brown Aviation and Garland Brown the $123,500, apparently through a conditional letter of credit. In order to obtain the payment, Aerolineas claims Brown and Brown Aviation had Atlas Aircraft Corporation falsely appraise the airplane; on the basis of that false appraisal, Aerolineas says, the $123,500 was paid to Brown Aviation.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Count I of Aerolineas's complaint charged Brown Aviation with breach of contract and asked for $98,000 compensatory damages. Summary judgment was not granted on Count I and it is not before us. The district court did grant summary judgment on Counts II and III. Those counts claimed damages against, respectively, Garland Brown and Atlas Aircraft, for both fraud and conspiracy to defraud Aerolineas. Count II asked for $119,500 compensatory damages against Garland Brown; Count III asked for $120,000 compensatory damages from Atlas.[1]

■ At the pretrial conference, Aerolineas's counsel conceded that the damages requested in Counts II and III were excessive. Apparently for this reason alone, the district court granted summary judgment for the defendants on those two counts. This was error. Although Aerolineas's counsel was lamentably confused about the amount of damages his client had sustained, he maintained throughout that Aerolineas had indeed been wronged and damaged. Under these circumstances the district court should at least have allowed Aerolineas to amend its complaint.

■ On the record before us [2] there are no other justifications for summary judgment. To judge from the depositions and documents in the record, there is a genuine factual dispute about the truth of Aerolineas's assertions. The appellees argue that Aerolineas's claim is barred by the judgment rendered in another litigation, in Florida state court; but the district court seemed not to rest its grant of summary judgment on this ground, and the record does not disclose enough about the nature of the Florida proceeding to permit us to decide the question. On remand, the district court will have the full record before it and will be able to obtain other documentary evidence. It may or may not find sufficient reasons for granting summary judgment again. But Aerolineas's repudiating its *ad damnum* clause, while still insisting that all the elements of the torts were present, did not justify summary judgment.

REVERSED and REMANDED.

1. In all three counts Aerolineas also asked for costs and punitive damages.

2. Appellee Atlas Aircraft Corp. complains, in its brief, that Aerolineas has presented us with an inadequate record. When the appellant asks that less than a complete record be transmitted, he must notify the appellee, who then can place additional material in the record Fed. R.App.P. 10(b). Atlas Aircraft does not allege that it was improperly notified and does not explain why it has failed to supply those items which it says the record lacks.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.